Attorney's Docket No. TET-1689 (98118) _____                    *PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.

Serial No:       09/126,156                          Group No.: 3661

Filed:           July 30, 1998                       Examiner Gibson

     For:   AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

                                          Pittsburgh, Pennsylvania 15222-2312
                                          December 30, 1999

Assistant Commissioner for Patents
Washington, D.C. 20231

### AMENDMENT TRANSMITTAL

1.    Transmitted herewith is an amendment for this application.

### STATUS

2.    Applicant is

        a small entity.  A verified statement:

          ☐   is attached.

              was already filed.

   ☒     other than a small entity.

---

#### CERTIFICATE OF MAILING/TRANSMISSION (37 CFR 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

| MAILING | FACSIMILE |
|---|---|
| ☐ deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231. | ☐ transmitted by facsimile to the Patent and Trademark Office. |

Signature _____

*(type or print name of person certifying)*

(Amendment Transmittal [9-19]-page 1 of 4)

Exhibit D - Part 2
Page 331
TDY0002263



## EXTENSION OF TERM

NOTE: "Extension of Time in Patent Cases (Supplement Amendments) - If a timely and complete response has been filed after a Non-Final Office Action, an extension of time is not required to permit filing and/or entry of an additional amendment after expiration of the shortened statutory period.

If a timely response has been filed after a Final Office Action, an extension of time is required to permit filing and/or entry of a Notice of Appeal or filing and/or entry of an additional amendment after expiration of the shortened statutory period unless the timely-filed response placed the application in condition for allowance.  Of course, if a Notice of Appeal has been filed within the shortened statutory period, the period has ceased to run."  Notice of December 10, 1985 (1061 O.G. 34-35).

NOTE: See 37 CFR 1.645 for extensions of time in interference proceedings, and 37 CFR 1.550(c) for extensions of time in reexamination proceedings.

3.     The proceedings herein are for a patent application and the provisions of 37 CFR 1.136 apply.

### (complete (a) or (b), as applicable)

(a)     Applicant petitions for an extension of time under 38 CFR 1.136 (fees: 37 CFR 1.17(a)-(d) for the total number of months checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| ☐ one month | $  110.00 | $  55.00 |
| ☐ two months | $  400.00 | $200.00 |
| three months | $  950.00 | $475.00 |
| ☐ four months | $1,510.00 | $765.00 |

**Fee $**

If an additional extension of time is required, please consider this a petition therefor.

### (check and complete the next item, if applicable)

☐     An extension for _____ months has already been secured and the fee paid therefor of $_____ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request  $

### OR

(b)  ☒     Applicant believes that no extension of term is required.  However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition for extension of time.

(Amendment Transmittal {9-19}-page 2 of 4)

## FEE FOR CLAIMS

4.    The fee for claims (37 CFR 1.16(b)-(d) has been calculated as shown below:

| (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | (Col. 2) HIGHEST NO PREVIOUSLY PAID FOR | (Col. 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | ADDIT. FEE | | RATE | ADDIT. FEE |
| TOTAL  33* | MINUS  33** | 10 | x11= | $0 | | x16= | $0 |
| INDEP.  9* | MINUS  *7** | 2 | x 41= | $0 | | x78= | 156 |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | +125= | $ | | +250= | $ |
| | | | TOTAL ADDIT. FEE | $0 | OR | TOTAL ADDIT. FEE | $156 |

*    If the entry in Col. 1 is less than entry in Col. 2, write "]" in Col. 3.

**    If the "Highest No. Previously Paid for" IN THIS SPACE is less than 20, enter "20."

***    If the "Highest No. Previously Paid for" IN THIS SPACE is less than 3, enter "3."
The "Highest No. Previously Paid for" (Total or Indep.) is the highest number found in the appropriate box in Col. 1 of a prior amendment or the number of claims originally filed.

WARNING    "After final rejection or action (§ 1.113) amendments may be made cancelling claims or complying with any requirement of form which has been made." 37 CFR § 1.116(a) (emphasis added).

#### Complete (c) or (d), as applicable.

(c)    ☐    No additional fee for claims is required.

### OR

(d)    ☒    Total additional fee for claims required $____156.00

### FEE PAYMENT

5.    ☒    Attached is a check in the sum of $____156.00

☐    Charge Account No. _____ the sum of $_____

A duplicate of this transmittal is attached.

(Amendment Transmittal [9-19]-page 3 of 4

## FEE DEFICIENCY

NOTE:   *If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency.  If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned.  In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases.  Authorization to charge the deposit account for any fee deficiency should be checked.  See the Notice of April 7, 1986, (1065 O.G. 31-33).*

6.   ☒   If any additional extension and/or fee is required, charge Account No.

7.   ___11-1110_____.

### AND/OR

☒   If any additional fee for claims is required, charge Account No.

___11-1110_____.

_____
SIGNATURE OF ATTORNEY

Reg. No.: 42,747

Tel. No.: (412 ) 355-6342

_Mark G. Knedeisen_____
(type or print name of attorney)

_Kirkpatrick & Lockhart LLP_____
535 Smithfield Street
Pittsburgh, PA 15222_____

(Amendment Transmittal [9-19]-page 4 of 4)

01-03-00

GP 3661



*PATENT*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney's Docket No. 98118

*PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:  Grabowsky et al.

Serial No. 09/126,156                    Group No.:  3661

Filed:    July 30, 1998                  Examiner:  Gibson

For:  AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

Commissioner of Patents and Trademarks

Washington, D.C.  20231

### EXPRESS MAIL CERTIFICATE

"Express Mail" label number  EG831844233US

Date of Deposit: December 30, 1999

I hereby certify that the following attached paper or fee

RESPONSE TO OFFICE ACTION
LETTER TO DRAFTSPERSON
CHECK FOR EXTRA CLAIMS (made payable to PTO)

is being deposited with the United States Postal Service "Express Mail Post Office to Addressee"
service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents
and Trademarks, Washington, D.C.  20231.

RECEIVED
JAN -7 2000
TC 3600 MAIL ROOM

Terri J. Watson
(Typed or printed name of person mailing paper or fee)

(Signature of person mailing paper or fee)

(Express Mail Certificate [8-3])

Exhibit D - Part 2
Page 335
TDY0002267

PATENT
TET-1689

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:   :
    Grabowsky et al.   :

Group Art Unit 3661   :   AIRCRAFT FLIGHT DATA

Examiner Gibson, E.   :   ACQUISITION AND
    TRANSMISSION SYSTEM

Serial No. 09/126,156   :

Filed:  July 30, 1998   :

## RESPONSE TO OFFICE ACTION

Pittsburgh, Pennsylvania  15222

December 30, 1999

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

    In response to the Office Action mailed October 1, 1999, please amend the above-

identified application as follows:

<u>In the Specification</u>

    Please amend the Specification as follows:

 Page 9, line 9, delete "16" and insert --45-- therefor.

<u>In the Drawings</u>

    Please amend Figure 8 as indicated in the enclosed substitute Figure 8.

PI-465622.03

Exhibit D - Part 2
Page 336
TDY0002268

（Case 2:06-cv-06803-MMM-SH）

In the Claims

Please cancel claims 25 and 29.

Please amend the claims as follows:

8.    (Amended)  A data system for an aircraft, comprising:

a digital flight data acquisition unit in communication with at least one sensor;

a processor in communication with said digital flight data acquisition unit;

a serial card in communication with said processor; and

a plurality of cell channels in communication with said serial card, said cell channels for transmitting data via a cellular infrastructure after the aircraft has landed.

16.    (Amended)  The system of claim 15 wherein said means for [sending] transmitting data includes a processor.

26.    (Amended)  The method of claim [25] 24 wherein starting a primary data thread includes:

initiating a PPP connection;

initiating a transfer session;

starting at least one secondary data thread;

determining if data remains in the primary data thread;

sending said data when data remains in the primary data thread;

determining if data threads are active when no data remains in the primary data thread;

2

repeating, when said threads are active, the step of determining if data remains in the

primary data thread;

ending said session when no threads are active;

closing said PPP connection; and

exiting starting a primary data thread.

30.    (Amended)  The method of claim [29] 38 wherein initializing a session includes:

allocating buffer space;

sending an initiation session acknowledgment; and

returning to receiving a message.

31.    (Amended)  The method of claim [29] 38 wherein processing said message when
said message is a data message includes:

copying said message to a buffer;

sending a data message acknowledgment; and

returning to receiving a message.

32.    (Amended)  The method of claim [29] 38 wherein processing said message when
said message is not an end session includes:

computing a checksum;

determining if said checksum is valid;

saving a buffer to a temporary file;

3

decrypting said temporary file;

uncompressing said temporary file;

sending an end session acknowledgment; and

returning to receiving a message.

Please add the following new claims:

36 -34. A computer-implemented method of transmitting aircraft flight data from an aircraft, comprising:

receiving flight data from a digital flight data acquisition unit;

processing said flight data to prepare said data for transmission; and

transmitting said processed data via a cellular infrastructure after the aircraft has landed,

wherein processing said flight data includes:

receiving a weight-on-wheels signal;

initiating a data transfer;

compressing said flight data;

encrypting said compressed data;

creating a packet queue;

starting a primary data thread;

waiting a predetermined period of time;

determining if any threads are active;

repeating, when threads are active, the steps of waiting a predetermined period of time and determining if any threads are active; and

4

20

exiting processing said flight data when no threads are active.

297. A computer-implemented method of transmitting aircraft flight data from an aircraft, comprising:

receiving flight data from a digital flight data acquisition unit;

processing said flight data to prepare said data for transmission; and

transmitting said processed data via a cellular infrastructure after the aircraft has landed; and

receiving said transmitted data at a flight operations center, wherein receiving said transmitted data includes:

creating a socket;

receiving a message;

determining if said message is an initialization message;

initiating a session when said message is an initialization message;

determining if said message is a data message when said message is not an initialization message;

processing said message when said message is a data message;

determining if said message is an end session when said message is not a data message;

processing said message when said message is an end session; and

repeating, when said message is not an end session message, the step of receiving a message.

5

## REMARKS

### Specification

Applicants have herein amended the specification at page 9, line 9, to correct an informality as requested by the Examiner.

### Drawings

The Examiner objected to Figure 8 as having an incorrect label. Applicants have amended Figure 8 as indicated in the enclosed substitute Figure 8, wherein the changes are shown in red ink. In particular, Applicants have amended Figure 8 to identify the illustrated method with reference numeral "136". Applicants are also herewith submitting a clean copy of substitute Figure 8. Applicants hereby request permission to enter substitute Figure 8. Applicants are also submitting a separate Letter to Draftsperson requesting permission to enter the substitute drawing in accordance with Section 608.02(r) of the Manual of Patent Examining Procedure (*MPEP*). A copy of such letter is attached for the Examiner's convenience.

### Section 112 Rejections

The Examiner rejected claims 8-13 and 16 under 35 U.S.C. § 112, ¶ 2, as being indefinite for failing to point out and particularly claim the subject matter regarded as the invention. In particular, the Office Action stated that the term "said digital flight data acquisition unit" in claims 8 and 13, and the term "said means for sending data" in claim 16 lack antecedent bases. Applicants have amended claim 8 to provide an antecedent basis for the term "said digital flight data acquisition unit". Applicants have amended claim 16 to recite "said means for transmitting

6



data", for which there is an antecedent basis in claim 15, from which claim 16 depends. Applicants submit that claims 8-13 and 16, as amended, satisfy 35 U.S.C. § 112, ¶ 2.

<u>Prior Art Rejections</u>

The Examiner rejected claims 1, 4, 7-8, 10, 12, 14-20, and 33 under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent 5,550,738 to Bailey et al. Claims 2-3 and 21-22 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Bailey in view of U.S. Patent 5,793,813 to Cleave. Claims 5-6, 9, 11, and 13 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Bailey. Claim 23 was rejected under 35 U.S.C. § 103(a) as being unpatentable over Bailey in view of U.S. Patent 5,124,915 to Krenzel. Claim 24 was rejected under 35 U.S.C. § 103(a) as being unpatentable over Bailey in view of U.S. Patent 4,939,652 to Steiner and in further view of Krenzel. Claim 33 was also rejected under 35 U.S.C. § 103(a) as being obvious over Bailey. Applicants respectfully traverse the rejections as follows.

Independent claims 1, 8, 14, 15, 18, 19, and 33 were rejected as being anticipated by Bailey. Applicants submit, however, that Bailey does not teach every aspect of the claimed invention. *See* MPEP § 2131 (stating that a claim is anticipated under 35 U.S.C. § 102 only if each and every element set forth in the claim is found, either expressly or impliedly described, in a single prior art reference). In particular, with respect to claim 1, Applicants submit that Bailey fails to disclose, among other elements, a data acquisition unit or a communications unit located in an aircraft. Further, Applicants submit that Bailey fails to disclose, among other elements, a cellular infrastructure in communication with the communications unit after the aircraft has landed, as claimed in claim 1.

7



To the contrary, Bailey discloses a vehicle recording system for recording the land distance traveled by an automobile or truck. The system includes a magnetic sensor mounted on the vehicle adjacent to a vehicle component whose speed of rotation is proportional to vehicle speed, such as a drive shaft or an axle of an automobile. *See* Bailey et al., col. 3, lines 43-50. A pair of magnets are attached to the shaft or axle so that they align with the sensor as the shaft or axle is rotated. *See* Bailey et al., col. 3, lines 52-58. Accordingly, Applicants submit that because Bailey is merely directed to a system for recording the land distance traveled by the vehicle, it is not suitable for an aircraft. Further, inasmuch as the system of Bailey is for land purposes, Applicants submit that it fails to disclose a cellular infrastructure in communication with the system after the vehicle has <u>landed</u>. Therefore, Applicants submit that claim 1 is not anticipated by Bailey.

Similarly, with respect to claims 8 and 14, Applicants submit that Bailey fails to disclose a data system for an aircraft including, among other elements, a digital flight data acquisition unit and a plurality of cell channels for transmitting data via a cellular infrastructure after the aircraft has landed. Also, with respect to claim 15, Applicants submit that Bailey fails to disclose, among other elements, a data acquisition unit located in an aircraft and a means for transmitting data from the data acquisition unit via a cellular infrastructure after the aircraft has landed. Additionally, with respect to claims 18 and 19, Applicants submit that Bailey fails to disclose a method of transmitting aircraft flight data from an aircraft including, among other steps, receiving flight data from a data acquisition unit located in an aircraft and transmitting the flight data via a cellular communications infrastructure after the aircraft has landed.

In addition, with respect to claim 33, Applicants submit that Bailey fails to teach or suggest a computer readable medium which when executed by a processor cause the processor

8



to, among other things, receive flight data from a digital flight data acquisition unit in an aircraft and transmit processed data via a cellular infrastructure when the aircraft has landed.

Further, Applicants submit that independent claims 1, 8, 14, 15, 18, 19, and 33 are not obvious in view of Bailey. Bailey discloses a system for recording the land distance traveled by a vehicle. In contrast, the present invention is directed to solving a long felt need in the avionics industry, and discloses the acquisition and transmission of aircraft flight data. Thus, Applicants submit that a person of ordinary skill in the art would not be motivated to modify the system of Bailey to realize the present invention.

Because claims 1, 8, 14, 15, 18, 19, and 33 are novel and nonobvious in view of the cited reference as discussed hereinbefore, Applicants submit that claims 2-7, 9-13, 16, 17 and 20-24, which depend therefrom, are also in condition for allowance. *See* MPEP § 2143.03 (stating that if an independent claim is nonobvious, a claim depending therefrom is nonobvious).

<u>Objected-to Claims</u>

The Examiner objected to claims 25-32 as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims. Claim 25 has been canceled and rewritten as independent claim 34 to include the limitations of its base claim (claim 19). Claim 29 has been canceled and rewritten as independent claim 35 to include the limitations of its base claim (claim 19) and intervening claim 20. Therefore, Applicants submit that claims 34 and 35 are in condition for allowance.

9 

Claim 26 has been amended to depend directly from claim 34. Applicants submit that claim 34 is in condition for allowance and, therefore, claims 26-28, which depend directly or indirectly from claim 34, are also in condition for allowance.

Claims 30-32 have been amended to depend directly from claim 35. Applicants submit that claim 35 is in condition for allowance and, therefore, claims 30-32, which depend directly from claim 35, are also in condition for allowance.

Amendments

Support for the amendments made herein may be found throughout the specification and claims as filed. Applicants submit that no new matter has been added.

10

## CONCLUSION

Applicants respectfully request a Notice of Allowance for the pending claims in this application. If the Examiner is of the opinion that the instant application is in condition for disposition other than allowance, the Examiner is respectfully requested to contact Applicants' attorney at the telephone number listed below in order that the Examiner's concerns may be expeditiously addressed.

Respectfully submitted,

Mark G. Knedeisen
Reg. No. 42,747

KIRKPATRICK & LOCKHART, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania  15222

Ph.   (412) 355-6342
Fax  (412) 355-6501

11

PATENT
TET-1689

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:
    Grabowsky et al.      :

Group Art Unit 3661       :

Examiner Gibson, E.       :

Serial No. 09/126,156       :

Filed:  July 30, 1998



AIRCRAFT FLIGHT DATA
ACQUISITION AND
TRANSMISSION SYSTEM

## LETTER TO DRAFTSPERSON

Pittsburgh, Pennsylvania  15222

December 30, 1999

Assistant Commissioner for Patents
Washington, D.C.  20231

**Attn: Drawing Review Board**



Dear Sir:

    Responsive to the objection to the drawings as stated in the Office Action mailed October 1, 1999 issued in connection with the above-identified application, Applicants respectfully request permission to replace Figure 8 with the enclosed substitute Figure 8, wherein the change is shown in red ink.  In particular, Applicants have amended Figure 8 to identify the illustrated method with the reference numeral "136".  Applicants are also submitting herewith a clean copy of substitute Figure 8. Applicants submit that substitute Fig. 8 does not introduce new matter, and that the substitute figure is consistent with the teachings of the present invention.

PI-466107.01

Approval to make the above-mentioned amendment is respectfully solicited.



Respectfully submitted,

Mark G. Knedeisen
Reg. No. 42,747

KIRKPATRICK & LOCKHART, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222

Ph.  (412) 355-6342
Fax  (412) 355-6501

RECEIVED
JAN -7 2000
TC 3600 MAIL ROOM

2

Exhibit D - Part 2
Page 348
TDY0002280



136

Allocate Buffer space /46

Send Init Session Ack /48

Return to main loop 150

FIG. 8

Exhibit D - Part 2
Page 349
TDY0002281

136



| Allocate Buffer space 146 | → | Send Init Session Ack 148 | → | 150 Return to main loop |

FIG. 8

Exhibit D - Part 2
Page 350
TDY0002282



**UNITED S...ES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/126,156 | 07/30/98 | GRABOWSKY | J | TET-1689 |

| | EXAMINER |
|---|---|
| PM82/0209 | GIBSON,E |

ROBERT J PUGH
ALLEGHENY TELEDYNE INCORPORATED
1000 SIX PPG PLACE
PITTSBURGH PA 15222

| ART UNIT | PAPER NUMBER |
|---|---|
| 3661 | 7 |

DATE MAILED: 02/09/00

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                    1- File Copy

Exhibit D - Part 2
Page 351
TDY0002283

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/126,156 | GRABOWSKY ET AL. |
| | Examiner | Art Unit | |
| | Eric M Gibson | 3661 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will
  be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this
  communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

1)☒ Responsive to communication(s) filed on *30 December 1999* .

2a)☐ This action is **FINAL.**      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-24,26-28 and 30-35* is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) *26-28,30-32,34 and 35* is/are allowed.

6)☒ Claim(s) *1-24 and 33* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11)☒ The proposed drawing correction filed on *30 December 1999* is: a)☒ approved  b)☐ disapproved.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

a)☐ All  b)☐ Some * c)☐ None of the CERTIFIED copies of the priority documents have been:

1.☐ received.

2.☐ received in Application No. (Series Code / Serial Number) _____ .

3.☐ received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

**Attachment(s)**

| | |
|---|---|
| 14) ☒ Notice of References Cited (PTO-892) | 17) ☐ Interview Summary (PTO-413) Paper No(s). _____ . |
| 15) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 18) ☐ Notice of Informal Patent Application (PTO-152) |
| 16) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) *4* . | 19) ☐ Other: |

U.S. Patent and Trademark Office
PTO-326 (Rev. 3-98)               Office Action Summary                    Part of Paper No. 7

Application/Control Number: 09/126,156                    Page 2

Art Unit: 3661

### DETAILED ACTION

#### *Information Disclosure Statement*

The references listed on the Information Disclosure Statement filed on

11/12/1999 (paper # 4) have previously been cited in the first office action (paper #3),

with copies provided.  Therefore, they have already been considered and are crossed

off on paper # 4.

#### *Drawings*

The proposed drawing correction and/or the proposed substitute sheets of

drawings, filed on 12/30/1999 have been approved.

Since allowable subject matter has been indicated, applicant is encouraged to

submit formal drawings in response to this Office Action.  The early submission of

formal drawings will permit the Office to review the drawings for acceptability and to

resolve any informalities remaining therein before the application is passed to issue.

This will avoid possible delays in the issue process.

Applicant is reminded of the objections to the drawings made by the draftperson

(PTO-948), attached to paper # 3.

#### *Specification*

The amendment to the specification was not entered because the change was

directed to page 9, line 9, instead of line 7.  Therefore, the examiner has changed

reference number "16", on page 9, line 7, to '45'.

Application/Control Number: 09/126,156

Page 3

Art Unit: 3661

### *Claim Rejections - 35 USC § 112*

The rejections of claims 8-13, and 16 have been withdrawn as corrected by amendment.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1, 4, 7, and 15-17 are rejected under 35 U.S.C. 102(b) as anticipated by or, in the alternative, under 35 U.S.C. 103(a) as obvious over Bailey et al. (5,550,738).

As per claims 1 and 4, wherein the data transmission system comprises a communications unit, a cellular infrastructure in communication with the communications unit after the aircraft has landed, and a data reception unit in communication with the cellular infrastructure, is anticipated by Bailey. Bailey is directed to a vehicle, an aircraft is considered to be a vehicle. Bailey discloses a data acquisition unit (vehicle data unit 16), comprised of a communications unit located on the vehicle (cellular modem 43), the communication unit is in communication with a cellular infrastructure (col. 2., lines 35-36). Communication occurring after the aircraft has landed therefore takes place on the ground as opposed to the air. The data transmission occurring after the aircraft has landed is in no way different from data transmission occurring in any other land vehicle. An airplane is a land vehicle, travelling

Application/Control Number: 09/126,156

Page 4

Art Unit: 3661

via wheels, once it is on the ground. In Bailey, the communication is occurring on the ground. Furthermore, Bailey discloses a data reception unit (data reporting system 12) in communication with the cellular infrastructure.

A per claim 7, wherein the system of claim 1 further includes a router, processor in communication with the router, and a storage unit connected to the processor, in the data reception unit, Bailey discloses these limitations in data reporting system 12. In column 5, lines 26-40, Bailey discloses a data reception unit including a router (45), a processor (microprocessor 72), and a storage unit (disk drive 74).

As per claim 15, the previous rejections establish that Bailey discloses means for transmitting data via a cellular infrastructure and means for receiving data from the cellular infrastructure. As stated previously, Bailey is directed to a vehicle, an aircraft is considered to be a vehicle and communication occurring after the aircraft has landed therefore takes place on the ground as opposed to the air. In Bailey, the communication is occurring on the ground.

As per claims 16 and 17, wherein the transmitting and receiving units contain processors, refer to the above explanations regarding claim 7, which establishes that Bailey discloses processors.

MPEP §2131.05 states that "arguments that the alleged anticipatory prior art is 'nonanalogous art' or 'teaches away from the invention' or is not recognized as solving the problem solved by the claimed invention, [are] not 'germane' to a rejection under

Application/Control Number: 09/126,156                                    Page 5

Art Unit: 3661

section 102." *Twin Disc, Inc. v. United States*, 231 USPQ 417, 424 (Cl. Ct.

1986)(quoting *In re Self*, 671 F.2d 1344, 213 USPQ 1, 7 (CCPA 1982)).

This applies where the applicant argues that the anticipatory prior art is for a land

vehicle and the invention is for an aircraft. When the aircraft is on the ground, it is a

land vehicle and data transmitted therefrom is treated no differently than data from any

other land vehicle.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Claims 8, 10, 12, 14, 18, and 19 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Bailey et al. in view of Farmakis et al. (US 5,714,948).

Claims 8, 12, and 14 include a data system for an aircraft comprising a digital

flight data acquisition unit in communication with at least one sensor. Bailey discloses a

data acquisition unit (microprocessor-based vehicle data unit 16) in communication with

at least one sensor (26) in figure 2. As stated previously, Bailey is directed to a vehicle,

an aircraft is considered to be a vehicle. In column 5, lines 35-37, Bailey discloses a

serial interface (84) in communication with the processor of the data acquisition unit.

Application/Control Number: 09/126,156                              Page 6

Art Unit: 3661

Furthermore, Bailey discloses a plurality of cell channels in communication with the
serial interface in column 4, lines 17-20. As stated previously, communication occurring
after the aircraft has landed therefore takes place on the ground as opposed to the air.
In Bailey, the communication is occurring on the ground. Furthermore, the claims are
specifically directed to flight data and flight data acquisition units with regard to what
type of data is being transmitted. However, the transmission of flight data is no different
than transmission of data for any other vehicle in that data relating to the vehicle is
being transmitted. The transmission of the data is in no way effected by what type of
data it is. If the vehicle were a train the data would be train data, if the vehicle were an
automobile the data would be automobile data, and here the vehicle is an aircraft and
the data is correspondingly aircraft data. No special steps are implemented because
the data comes from an aircraft as opposed to any other vehicle. Farmakis teaches that
aircraft data from an aircraft on the ground (col. 16, lines 45-55) is transmitted to an
ATC facility and that the systems used to communicate with the aircraft on the ground
can be used in vehicles such as ships, automobiles, railroads, submarines, etc. (col. 22,
line 63 – col. 23, line 2). It would have been obvious to one of ordinary skill in the art,
at the time of invention, to use the system and method of Bailey to specifically transmit
flight data related to an aircraft, as exemplified by Farmakis.

As per claim 10, wherein the processor is a personal computer, see Bailey
column 5, line 27.

Application/Control Number: 09/126,156                         Page 7

Art Unit: 3661

As per claim 19, the invention has been previously disclosed by Bailey in the
above rejections, with the exception of the step of processing the data to prepare for
transmission.  In column 4, lines 17-19, Bailey discloses breaking the data into
individual, self-contained packets.  This is considered to be processing the data in
preparation for transmission.  Furthermore, Farmakis teaches transmitting coded
signals or data to an ATC facility, including a header segment and an information
segment (col. 17, lines 1-10).  This is also considered to be processing of data.  It would
have been obvious to one of ordinary skill in the art, at the time of the invention, to
include processing the data in the invention, as taught by Bailey and further exemplified
by Farmakis.

Claim 20 is rejected under 35 U.S.C. 103(a) as being unpatentable over the
combination of Bailey and Farmakis in further view of Levine (US 5,890,079).  Bailey
and Farmakis disclose the invention as explained in the previous rejections.  The
combination does not teach receiving the data at a flight operations center.  Levine
teaches transmission of aircraft flight data to a central ground based processing station.
As seen in Figure 4 of Levine, the central ground based processing station includes air
traffic control and the aircraft manufacturer facility, any and all of which can be
considered a flight operations center.  It would have been obvious to one of ordinary
skill in the art, at the time of invention, to send the vehicle data to a flight operations
center, in order to allow the information to be stored remotely and analyzed by skilled
personnel, as explained in Levine (column 4, lines 17-28).

Application/Control Number: 09/126,156                                  Page 8

Art Unit: 3661

Claims 21-22 are rejected under 35 U.S.C. 103(a) as being unpatentable over
the combination of Bailey, Farmakis, and Levine as applied to claim 20 above, and
further in view of Cleave (US 5,793,813). The combination discloses the invention as
explained in the previous rejections of claim 20. The combination does not teach using
the Internet or public switched telephone network (PSTN) to receive the data from the
cellular infrastructure at the data reception unit. Cleave teaches in column 4, lines 44-
47, the use of the Internet or PSTN coupled to the gateway to receive the information at
the data reception unit in a data communications system. It would have been obvious
to one of ordinary skill in the art, at the time of the invention, to provide the invention
taught by the combination of Bailey and Levine with a connection to the Internet or
PSTN in order to receive the data from the cellular infrastructure.

Claims 2-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Bailey in view of Cleave. Bailey et al. discloses the invention as explained in the
previous rejections of claim 1. Bailey does not teach using the Internet or public
switched telephone network (PSTN) to receive the data from the cellular infrastructure
at the data reception unit. Cleave teaches in column 4, lines 44-47, the use of the
Internet or PSTN coupled to the gateway to receive the information at the data reception
unit in a data communications system. It would have been obvious to one of ordinary
skill in the art, at the time of the invention, to provide the invention of Bailey et al. with a
connection to the Internet or PSTN in order to receive the data from the cellular
infrastructure.

Claims 5- 6 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Bailey in view of Averbuch et al. (US 5,901,142). Bailey discloses the invention as

Application/Control Number: 09/126,156                                      Page 9

Art Unit: 3661

explained in the previous rejections. Bailey does not teach a cellular infrastructure with an antenna, transceiver subsystem, and controller. Averbuch teaches a cellular infrastructure including an antenna, transceiver subsystem, and controller (figure 1). It is well known in the art that in order for a cellular communications system to operate it must contain these items. It would have been obvious to one of ordinary skill in the art, at the time of invention, to include in the invention of Bailey the components of a cellular system that are well known in the art, as shown by Averbuch, in order for it to function properly.

Claim 9 is rejected under 35 U.S.C. 103(a) as being unpatentable over the combination of Bailey and Farmakis as applied to claim 8 above, and further in view of Averbuch. The combination discloses the invention as explained in the previous rejections. The combination does not teach a cellular infrastructure with an antenna, transceiver subsystem, and controller. Averbuch teaches a cellular infrastructure including an antenna, transceiver subsystem, and controller (figure 1). It is well known in the art that in order for a cellular communications system to operate it must contain these items. It would have been obvious to one of ordinary skill in the art, at the time of invention, to include in the invention the components of a cellular system that are well known in the art, as shown by Averbuch, in order for it to function properly.

Claim 11 is rejected under 35 U.S.C. 103(a) as being unpatentable over the combination of Bailey and Farmakis as applied to claim 8 above, and in further view of Harper, Jr. et al. (US 5,519,663). The combination discloses the invention as explained

Exhibit D - Part 2
Page 360
TDY0002292

Application/Control Number: 09/126,156

Page 10

Art Unit: 3661

in the previous rejections.  The combination does not teach that the processor may be an application specific integrated circuit (ASIC).  It is well know in the art to use an ASIC for specific applications.  Harper, Jr. demonstrates that using an ASIC is equivalent to using a microprocessor in column 5, lines 64-67. It would have been obvious to one of ordinary skill in the art, at the time of invention, to include in the invention the features of a processor that are well known in the art in order to allow better operation, as exemplified by Harper, Jr.

Claim 13 is rejected under 35 U.S.C. 103(a) as being unpatentable over the combination of Bailey and Farmakis as applied to claim 8 above, and in further view of Steiner (4,939,652).  The combination discloses the invention as explained in the previous rejections.  The combination does not teach that the processor has an I/O interface.  It is well known in the art to use an I/O interface connected to a processor to allow for the exchange of data with the processor.  Steiner shows this in column 6.  It would have been obvious to one of ordinary skill in the art, at the time of invention, to include in the invention the features of a processor that are well known in the art in order to allow better operation, as exemplified by Steiner.

Claim 23 is rejected under 35 U.S.C. 103(a) as being unpatentable over the combination of Bailey and Farmakis as applied to claim 19 above, and in further view of Krenzel (US 5,124,915).  The combination teaches the use of a cellular digital packet data network in the invention as previously explained.  The combination does not teach the use of compression or encryption in the data network.  Krenzel teaches compression/uncompression of data in column 3, lines 30-41, for the use in a data communication system.   It would have been obvious to one of ordinary skill in the art, at the time of the invention, to include in the invention the data

Application/Control Number: 09/128,156                          Page 11

Art Unit: 3661

compression/uncompression as taught by Krenzel in order to reduce the file size of the
data needed to be transmitted, increasing the speed of transmission.   Encryption, and
subsequent decryption at the receiving end, is well known in the art to provide additional
security for the transmission of data via a wireless system.   It would have been obvious
to one of ordinary skill in the art, at the time of the invention, to include data encryption
and decryption in the invention in order to provide additional security over a wireless
system.

    Claim 24 is rejected under 35 U.S.C. 103(a) as being unpatentable over the
combination of Bailey, Farmakis, and Krenzel as applied to claim 23 above, and in
further view of Steiner.  The combination teaches the invention as explained in the
previous claims including the use of disk drives for data storage. The combination with
Krenzel teaches the invention as explained in the rejection of claim 23.  The
combination does not teach acknowledging receipt of data.  Steiner teaches the
acknowledgment of receipt of data in column 9, lines 16-17, in a data packet
communication system.   It would have been obvious to one of ordinary skill in the art, at
the time of invention, to include in the combination the data acknowledgment receipt of
Steiner in order to ensure proper delivery of data through the system.

    Claim 33 is rejected under 35 U.S.C. 103(a) as obvious over Bailey in
view of Winslow (US 5,852,825).  Bailey does not teach writing a computer program to a
suitable medium to implement the steps of data exchange when the program is
executed by the processor.  The writing of programs stored on computer readable
media to implement specific functions is well known in the art.  Several programs exist
that are well know in the art of data transmission, refer to Winslow, column 4, lines 20-
29 for examples of data transmitting programs that are well known in the art.  Therefore,

Application/Control Number: 09/126,156                                       Page 12

Art Unit: 3661

it would have been obvious to one of ordinary skill in the art, at the time of invention, to
write a program capable of implementing the recited steps as already present in Bailey,
as it is well known to write computer programs to implement specific applications, as
exemplified by Winslow.

### Allowable Subject Matter

Claims 26-28, 30-32 and 34-35 are allowed.

### Response to Arguments

Applicant's arguments filed 12/30/1999 have been fully considered but they are
not persuasive.

Bailey is relied upon to disclose a system and method for transmitting vehicle
data via a cellular infrastructure.  Since once an aircraft had landed it becomes a land
vehicle, there is no difference in transmitting data from an aircraft as opposed to
transmitting data from any other land vehicle.

Furthermore, the claims are specifically directed to flight data and flight data
acquisition units with regard to what type of data is being transmitted.  However, the
transmission of flight data is no different than transmission of data for any other vehicle
in that data relating to the vehicle is being transmitted.  The transmission of the data is
in no way effected by what type of data it is.  If the vehicle were a train the data would
be train data, if the vehicle were an automobile the data would be automobile data, and

Application/Control Number: 09/126,156

Art Unit: 3661

here the vehicle is an aircraft and the data is correspondingly aircraft data. No special steps are implemented because the data comes from an aircraft as opposed to any other vehicle.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Eric M Gibson whose telephone number is (703) 306-4545. The examiner can normally be reached on M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, William Cuchlinski can be reached on (703) 308-3873. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-7687 for regular communications and (703) 305-7687 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

MICHAEL J. ZANELLI
PRIMARY EXAMINER

emg
February 2, 2000

| | *Notice of References Cited* | | Application/Control No. 09/128,156 | | Applicant(s)/Patent Under Reexamination GRABOWSKY ET AL. | | |
|---|---|---|---|---|---|---|---|
| | | | Examiner Eric M Gibson | | Art Unit 3661 | | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|
| ☐ | A | 5,519,663 | May. 1996 | Harper, Jr. et al. | 385 | 229 | ☒ | ☐ |
| ☐ | B | 5,714,948 | Feb. 1998 | Farmakis et al. | 340 | 961 | ☐ | ☐ |
| ☐ | C | | | | | | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | N | | | | | | | ☐ | ☐ |
| ☐ | O | | | | | | | ☐ | ☐ |
| ☐ | P | | | | | | | ☐ | ☐ |
| ☐ | Q | | | | | | | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** APS | OTHER |
|---|---|---|---|---|
| ☐ | U | | ☐ | ☐ |
| ☐ | V | | ☐ | ☐ |
| ☐ | W | | ☐ | ☐ |
| ☐ | X | | ☐ | ☐ |

*A copy of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
**APS encompasses any electronic search i.e. text, Image, and Commercial Databases.
U.S. Patent and Trademark Office
PTO-892 (Rev. 03-98)                    Notice of References Cited                    Part of Paper No. 7

Exhibit D - Part 2
Page 365
TDY0002297

JUL. 6. 2000 12:01PM   A T. I  LAW DEPARTMENT  PGH                NO. 9177   P. 1



**Allegheny Technologies**
Specialty Materials That Make Our World

1000 SIX PPG PLACE·PITTSBURGH, PA 15222-5479  USA
PHONE (412) 394-2800

## Confidential Information

3661

Facsimile Transmission Header

|  |  |
|---|---|
| **TO** ➤ | Examiner Gibson |
| **LOCATION** ➤ | Patent & Trademark Office |
| **FAX #** ➤ | 703-308-8623 |
| **FROM** ➤ | Robert J. Pugh |
| **FAX #** ➤ | 412-394-3010 |
| **VOICE #** ➤ | 412-394-2883 |
| **DATE** ➤ | July 6, 2000 |
| **PAGES** ➤ | 2  (INCLUDING HEADER) |
| **HANDLED BY** ➤ | SENDER: Erin L. Ellrod   TELEPHONE: 412-395-2714 |
| **MESSAGE** ➤ | Enclosed is the Associate Power of Attorney that we discussed. |

FAX RECEIVED
JUL 0 6 2000
GROUP 3600

**Official**

**NOTICE** ➤  This Facsimile message is CONFIDENTIAL information intended only for the addressee. The message contents must NOT be read by another recipient or delivery person. If this message is received in error, please immediately notify the sender by telephone and return the entire original message by first class postal service (return postage guaranteed). Make no copies.

ATI: 22065.1

JUL. 6. 2000 12:01PM   A T I   LAW DEPARTMENT  PGH                    NO. 9177  P. 2

Practitioner's Docket No. 98118                                         PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.
Serial No.: 09/126,156                    Group No.: 3600
Filed: July 30, 1998                      Examiner: Gibson
For:  AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

Assistant Commissioner for Patents            FAX RECEIVED
Washington, D.C. 20231
                                              JUL 0 6 2000

### ASSOCIATE POWER OF ATTORNEY (37 C.F.R. 1.34)     GROUP 3600

Please recognize as Associate Practitioner in this case:
Name of practitioner  Jonathan C. Parks, Esquire          **Official**
Address  Kirkpatrick & Lockhart LLP, Henry W. Oliver Building,
         535 Smithfield Street, Pittsburgh, PA 15222-2312
Reg. No. 40,120
Tel. No. (412) 355-6288

NOTE:    Correspondence will be held with the associate attorney, unless the principal attorney directs otherwise.
         MPEP § 403.01

NOTE:    An associate attorney may not appoint another attorney.  M.P.E.P. § 402.02.

                              SIGNATURE OF PRINCIPAL PRACTITIONER
                              OF RECORD
Reg. No.: 36,895
                              Robert J. Pugh
                              (type or print name of practitioner)

Tel. No.: (412) 394-2883      Allegheny Technologies Incorporated
                              P.O. Address 1000 Six PPG Place
                                           Pittsburgh, PA 15222-5479
Customer No.:

                                          (Associate Power of Attorney (12-7))

PI - 556126.1



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/126,156 | 7/30/98 | Grabowsky | TBT-1689 |

| EXAMINER |
|---|
| GIBSON, E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3661 | 9 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Examiner Zanelli (MZ)          (3) Jonathan Parks #40120

(2) Examiner Gibson          (4) _____

Date of Interview     7/6/2000

Type: ☐ Telephonic  ☒ Personal (copy is given to  ☐ applicant  ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes  ☒ No. If yes, brief description: _____

_____

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☒ was not reached.

Claims discussed:  1, 8, 14, 15, 18, 19, 33

Identification of prior art discussed:  Bailey / Farmakis

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: In view of the proposed amendments to the claims, agreement was that Bailey would no longer anticipate the rejected claims. However, a further search and more detailed reading of Farmakis will be required upon a formal response.

                                                                    JCP

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☒ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

PTOL-413 (REV. 2 -83)                    Examiner's Signature

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

Attorney's Docket No. __TET-1689__                                    *PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.

Serial No: 09/126,156                         Group No.: 3600

Filed:   July 30, 1998                        Examiner: E. Gibson

For:    AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

Assistant Commissioner for Patents
Washington, DC 20231

*Ethon
7-19-00
Ext. of
time
#10*

## AMENDMENT TRANSMITTAL

1.      Transmitted herewith is an amendment for this application.

### STATUS

2.      Applicant is

☐      a small entity.  A verified statement:

☐      is attached.

☐      was already filed.

☒      other than a small entity.

---

### CERTIFICATE OF MAILING/TRANSMISSION (37 CFR 1.8a)

I hereby certify that this correspondence is, on the date shown below, being:

| MAILING | FACSIMILE |
|---|---|
| ☐ deposited with the United State Postal Service with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231. | ☐ transmitted by facsimile to the Patent and Trademark Office. |

Signature

Type or print name of person certifying

07/13/2000 SDEKBQB1 00000071 09126156

01 FC:116                    380.00 OP

PI - 559459.1

Exhibit D - Part 2
Page 369
TDY0002301

## EXTENSION OF TERM

NOTE: *"Extension of Time in Patent Cases (Supplement Amendments) - If a timely and complete response has been filed after a Non-Final Office Action, an extension of time is not required to permit filing and/or entry of an additional amendment after expiration of the shortened statutory period.*

*If a timely response has been filed after a Final Office Action, an extension of time is required to permit filing and/or entry of a Notice of Appeal or filing and/or entry of an additional amendment after expiration of the shortened statutory period unless the timely-filed response placed the application in condition for allowance. Of course, if a Notice of Appeal has been filed within the shortened statutory period, the period has ceased to run." Notice of December 10, 1985 (1061 O.G. 34-35).*

NOTE: See 37 CFR 1.645 for extensions of time in interference proceedings, and 37 CFR 1.550(c) for extensions of time in reexamination proceedings.

3.      The proceedings herein are for a patent application and the provisions of 37 CFR 1.136 apply.

(complete (a) or (b), as applicable)

(a)     ☒      Applicant petitions for an extension of time under 38 CFR 1.136
(fees: 37 CFR 1.17(a)-(d) for the total number of months checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| ☐ one month | $ 110.00 | $ 55.00 |
| ☒ two months | $ 380.00 | $190.00 |
| ☐ three months | $ 870.00 | $435.00 |
| ☐ four months | $1,360.00 | $680.00 |

Fee $ __380.00__ .

If an additional extension of time is required, please consider this a petition therefor.

(check and complete the next item, if applicable)

☐      . An extension for _____ months has already been secured and the fee paid therefor of $_____ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request **$380.00**

## OR

(b)     ☐      Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition for extension of time.

(Amendment Transmittal [9-19]-page 2 of 4)

## FEE FOR CLAIMS

4.   The fee for claims (37 CFR 1.16(b)-(d)) has been calculated as shown below:

| (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | (Col. 2) HIGHEST NO PREVIOUSLY PAID FOR | (Col. 3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | ADDIT. FEE | | RATE | ADDIT. FEE |
| TOTAL   33• | MINUS   33•• | =0 | x9= | $0 | | x18= | $0 |
| INDEP.  9• | MINUS   9••• | =0 | x 39= | $0 | | x78= | $0 |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | +130= | $ | | +260= | $ |
| | | | TOTAL ADDIT. FEE | $0 | OR | TOTAL ADDIT. FEE | $0 |

•   If the entry in Col. 1 is less than entry in Col. 2, write "0" in Col. 3.

••   If the "Highest No. Previously Paid for" IN THIS SPACE is less than 20, enter "20."

•••   If the "Highest No. Previously Paid for" IN THIS SPACE is less than 3, enter "3."
The "Highest No. Previously Paid for" (Total or Indep.) is the highest number found in the appropriate box in Col. 1 of a prior amendment or the number of claims originally filed.

WARNING   "After final rejection or action (§ 1.113) amendments may be made cancelling claims or complying with any requirement of form which has been made." 37 CFR § 1.116(a) (emphasis added).

### Complete (c) or (d), as applicable

(c)   ☒   No additional fee for claims is required.

## OR

(d)   ☐   Total additional fee for claims required $_____

## FEE PAYMENT

5.   ☒   Attached is a check in the sum of $ 380.00 _____

☐   Charge Account No. _____ the sum of $_____

A duplicate of this transmittal is attached.

(Amendment Transmittal [9-19]-page 3 of 4

## FEE DEFICIENCY

NOTE: If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, (1065 O.G. 31-33).

6.  ☒  If any additional extension and/or fee is required, charge Account No.

7.     11-1110

### AND/OR

☒  If any additional fee for claims is required, charge Account No.

   11-1110

_____
SIGNATURE OF ATTORNEY

Jonathan C. Parks
(type or print name of attorney)

Kirkpatrick & Lockhart LLP
P.O. Address
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

Reg. No.: 40,120

Tel. No.: (412 ) 355-6288

(Amendment Transmittal [9-19]-page 4 of 4)



G-3600 JB

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.

Serial No: 09/126,156       Group No.: 3600

Filed:   July 30, 1998       Examiner: E. Gibson

For:    AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

**Assistant Commissioner for Patents**
**Washington, DC 20231**

**EXPRESS MAIL CERTIFICATE**

"Express Mail" label number EJ164520046US

Date of Deposit July 10, 2000

I hereby certify that the following attached paper or fee

     AMENDMENT TRANSMITTAL
     AMENDMENT AND RESPONSE TO OFFICE ACTION
     CHECK PAYABLE TO PTO (For 2 month ext. fees)

is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to: Assistant Commissioner of Patents, Washington, D.C. 20231.

Beth H. Reton
(Typed or printed name of person mailing paper or fee)

(Signature of person mailing paper or fee)

NOTE:     Each paper must have its own certificate and the "Express Mail" label number as a part thereof or attached thereto. When, as here, the certification is presented on a separate sheet, that sheet must (1) be signed and (2) fully identify and be securely attached to the paper or fee it accompanies. Identification should include the serial number and filing date of the application as well as the type of paper being filed, e.g. complete application, specification and drawings, responses to rejection or refusal, notice of appeal, etc. If the serial number of the application is not known, the identification should include at least the name of the inventor(s) and the title of the invention.

NOTE:     The label number need not be placed in each page. It should, however, be placed on the first page of each separate document, such as, a new application, amendment, assignment, and transmittal letter for a fee, along with the certificate of mailing by "Express Mail." Although the label number may be on checks, such a practice is not required. In order not to deface formal drawings it is suggested that the label number be placed on the back of each formal drawing or the drawings be accompanied by a set of informal drawings on which the label number is placed.

**(Express Mail Certificate [8-3])**

PI - 559466.1

PATENT
TET-1689 (98118)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                              :
    Grabowsky et al.                          :
                       :
Examiner E. Gibson                            : AIRCRAFT FLIGHT DATA ACQUISITION
                                  AND TRANSMISSION SYSTEM
Art Unit 3661                                      :

Serial No.: 09/126,156                        :
                          :        Group 3600
Filed:  July 30, 1998                           :

AMENDMENT AND RESPONSE TO OFFICE ACTION

Pittsburgh, Pennsylvania  15222
July 10, 2000

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

      In response to the Office Action dated February 9, 2000, please amend the above-

identified application as follows:

In the Claims

      Please amend the claims as follows:

      1.  (Amended) An aircraft data transmission system, the aircraft having a data

acquisition unit, comprising:

      a communications unit located in the aircraft and in communication with the data

acquisition unit;

PI-559323.01

a cellular infrastructure in communication with said communications unit after the

aircraft has landed, wherein the communication is initiated automatically upon landing of

the aircraft; and

a data reception unit in communication with said cellular infrastructure.

8. (Twice Amended) A data system for an aircraft, comprising:

a digital flight data acquisition unit in communication with at least one sensor;

a processor in communication with said digital flight data acquisition unit;

a serial card in communication with said processor; and

a plurality of cell channels in communication with said serial card, said cell

channels for transmitting data via a cellular infrastructure after the aircraft has landed,

wherein the communication between the cell channels and the serial card is initiated

automatically upon landing of the aircraft.

14. (Amended) An aircraft, comprising:

a digital flight data acquisition unit in communication with at least one sensor;

and

a communications unit in communication with said digital flight data acquisition

unit, said communications unit including:

a processor in communication with said digital flight data acquisition unit;

a serial card in communication with said processor; and

a plurality of cell channels in communication with said serial card, said

cell channels for transmitting data via a cellular infrastructure after the aircraft has

2

landed, wherein the communication between the cell channels and the serial card is initiated automatically upon landing of the aircraft.

15. (Amended) An aircraft data transmission system, the aircraft having a data acquisition unit, comprising:

means for transmitting data from the data acquisition unit via a cellular infrastructure after the aircraft has landed, wherein transmission of the data is initiated automatically upon landing of the aircraft; and

means for receiving said data from said cellular infrastructure.

18. (Amended) A method of transmitting aircraft flight data from an aircraft, comprising:

receiving flight data from a data acquisition unit;

transmitting said flight data via a cellular communications infrastructure after the aircraft has landed, wherein the cellular communications infrastructure is accessed automatically upon landing of the aircraft; and



receiving said transmitted flight data.

19. (Amended) A computer-implemented method of transmitting aircraft flight data from an aircraft, comprising:

receiving flight data from a digital flight data acquisition unit;

processing said flight data to prepare said data for transmission; and

transmitting said processed data via a cellular infrastructure after the aircraft has landed, wherein the cellular infrastructure is accessed automatically upon landing of the aircraft.

3   24

33.  (Amended) A computer readable medium having stored thereon instructions which when executed by a processor, cause the processor to perform the steps of:

receiving flight data from a digital flight data acquisition unit in an aircraft;

processing said flight data to prepare said data for transmission; and

transmitting said processed data via a cellular infrastructure when said aircraft has landed, wherein the cellular infrastructure is accessed automatically upon landing of the aircraft.

## REMARKS

At the outset, Applicants and the undersigned would like to express their appreciation to Examiners Zanelli and Gibson for the courtesies extended at the personal interview of July 6, 2000.  Applicants also express their appreciation to the Examiner for the allowance of claims 26-28, 30-32, 34, and 35.

In the Office Action, the Examiner rejected claims 1, 4, 7, and 15-17 as being anticipated by, or in the alternative obvious over, U.S. Patent No. 5,550,738 to Bailey et al.  The Examiner rejected claims 8, 10, 12, 14, 18, and 19 as being obvious over Bailey et al. in view of U.S. Patent No. 5,714,948 to Farmakis et al.  The Examiner rejected claim 20 as being obvious over Bailey and Farmakis in further view of U.S. Patent No. 5,890,079 to Levine.  The Examiner rejected claims 21-22 as being obvious over Bailey, Farmakis, and Levine and in further view of U.S. Patent No. 5,793,813 to Cleave.  The Examiner rejected claims 2-3 as being obvious over Bailey in view of Cleave.  The Examiner rejected claims 5-6 as being obvious over Bailey in view of U.S. Patent No.

4  

5,901,142 to Averbuch.  The Examiner rejected claim 9 as being obvious over Bailey and

Farmakis in further view of Averbuch.  The Examiner rejected claim 11 as being obvious

over Bailey and Farmakis in further view of U.S. Patent No. 5,519,663 to Harper, Jr. et al.

The Examiner rejected claim 13 as being obvious over Bailey and Farmakis in further

view of U.S. Patent No. 4,939,652 to Steiner.  The Examiner rejected claim 23 as being

obvious over Bailey and Farmakis in further view of U.S. Patent No. 5,124,915 to

Krenzel.  The Examiner rejected claim 24 as being obvious over Bailey, Farmakis, and

Krenzel in further view of Steiner.  The Examiner rejected claim 33 as being obvious

over Bailey in view of U.S. Patent No. 5,852,825 to Winslow.  Applicants respectfully

traverse these rejections as follows.

 The primary reference used to reject claims 1-24, 26-28, and 30-35 is Bailey.

Applicants have herein amended independent claims 1, 8, 14, 15, 19, and 33.  As

discussed at the July 6 interview, the Examiner has agreed that, in view of the

amendments, those claims are not anticipated by Bailey.  *See* Examiner Interview

Summary Record dated July 6, 2000.

 However, the Examiner expressed that a "detailed reading of Farmakis" would be

required prior to allowance of the rejected claims.  Applicants submit that the rejected

claims are not anticipated by nor obvious in view of Farmakis, either solely or in

combination with other references.  Farmakis is directed to a satellite-based system for

tracking and control of aircraft.  The system is used for, among other purposes,

communications between aircraft on the ground and an air traffic control facility via

satellite, cell telephone, or HF/VHF/UHF radio to track the surface movement of the

5 

aircraft and to detect the position of the aircraft on the ground.  *See* Farmakis, col. 16, lines 35-62.  The system disclosed in Farmakis replaces or supplements verbal communications between an aircraft and an air traffic control facility with coded segments and/or data after the aircraft has landed.  Such communications can include, for example, a request for closure of an aircraft's flight plan.  Farmakis states that such a request can be made manually by the pilot or automatically in response to lowering the landing gear.  *See* Farmakis, col. 20, lines 5-27.

Farmakis does not disclose, among other elements, "a cellular infrastructure in communication with said communications unit after the aircraft has landed, wherein the communication is initiated automatically upon landing of the aircraft" as claimed in claim 1, "a plurality of cell channels in communication with said serial card, said cell channels for transmitting data via a cellular infrastructure after the aircraft has landed, wherein the communication between the cell channels and the serial card is initiated automatically upon landing of the aircraft" as claimed in claims 13 and 14, "means for transmitting data from the data acquisition unit via a cellular infrastructure after the aircraft has landed, wherein transmission of the data is initiated automatically upon landing of the aircraft" as claimed in claim 15, "transmitting said flight data via a cellular communications infrastructure after the aircraft has landed, wherein the cellular communications infrastructure is accessed automatically upon landing of the aircraft" as claimed in claim 18, "transmitting said processed data via a cellular infrastructure after the aircraft has landed, wherein the cellular infrastructure is accessed automatically upon landing of the aircraft" as claimed in claim 19, or "transmitting said processed data via a cellular

6

infrastructure when said aircraft has landed, wherein the cellular infrastructure is accessed automatically upon landing of the aircraft" as claimed in claim 33.  Thus, Applicants submit that independent claims 1, 8, 14, 15, 18, 19, and 33, and depended claims 2-7, 9-13, 16-17, and 20-24 which depend therefrom, respectively, are in condition for allowance.

CONCLUSION

For the reasons stated herein, a Notice of Allowance for all pending claims is earnestly requested.  If the Examiner is of the opinion that the instant application is in condition for disposition other than allowance, the Examiner is respectfully requested to contact Applicants' attorney at the telephone number listed below in order that the Examiner's concerns may be expeditiously addressed.

Respectfully submitted,

Jonathan C. Parks
Attorney for Applicants
Reg. No. 40,120 .

Kirkpatrick and Lockhart, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA · 15222
(412) 355-6288

7

| *Notice of Allowability* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/126,156 | GRABOWSKY ET AL. |
| | Examiner | Art Unit |
| | Eric M Gibson | 3681 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

1. ☒ This communication is responsive to *7/10/2000*.

2. ☒ The allowed claim(s) is/are *1-24,28-28 and 30-35*.

3. ☐ The drawings filed on _____ are acceptable.

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a) ☐ All   b) ☐ Some*   c) ☐ None   of the CERTIFIED copies of the priority documents have been

      1. ☐ received.

      2. ☐ received in Application No. (Series Code / Serial Number). _____ .

      3. ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR REPLY to comply with the requirements noted below is set to EXPIRE **THREE MONTHS FROM THE "DATE MAILED"** of this Office Action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be available under the provisions of 37 CFR 1.136(a).

6. ☐ Note the attached EXAMINER'S AMENDMENT or INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☒ Applicant MUST submit NEW FORMAL DRAWINGS

    (a) ☐ because the originally filed drawings were declared by applicant to be informal.

    (b) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review( PTO-948) attached

      1) ☐ hereto  or  2) ☒  to Paper No. *3*.

    (c) ☒ including changes required by the proposed drawing correction filed *12/30/1999*, which has been approved by the examiner.

    (d) ☐ including changes required by the attached Examiner's Amendment / Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE / SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

| | |
| --- | --- |
| 1☒ Notice of References Cited (PTO-892) | 2☐ Notice of Informal Patent Application (PTO-152) |
| 3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 4☐ Interview Summary (PTO-413), Paper No.____ |
| 5☐ Information Disclosure Statements (PTO-1449), Paper No. _____ | 6☐ Examiner's Amendment/Comment |
| 7☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material | 8☒ Examiner's Statement of Reasons for Allowance |
| | 9☐ Other |

WILLIAM A. CUCHLINSKI, JR.
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

Application/Control Number: 09/126,156                                           Page 2
Art Unit: 3661

### Reasons for Allowance

1.     Claims 1-24, 26-28, 30-35 are allowed.

2.     The following is an examiner's statement of reasons for allowance:

3.     Claims 1, 8, 14, 15, 18, 19 and 33 are found to be allowable over the prior

art because the use of the existing cellular infrastructure in the transmission of the data

from the aircraft to the flight operations center defines over the prior art. In existing

systems, an airport specific wireless communication system is used for the transmission

of data (see applicant's specification, page 2, lines 3-15). The use of an existing cellular

infrastructure to transmit the data results in a significant cost savings over the systems

of the prior art (see applicant's specification page 2, line 24 – page 3, line 1).

4.     Claims 2-7, 9-13, 16-17 and 20-24 server to further define the invention

over the prior art.

5.     Claims 26-28, 30-32 and 34-35 were indicated as allowed in the Office

Action dated 2/9/2000.

6.     Any comments considered necessary by applicant must be submitted no

later than the payment of the issue fee and, to avoid processing delays, should

preferably accompany the issue fee. Such submissions should be clearly labeled

"Comments on Statement of Reasons for Allowance."

### Conclusion

7.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.   An updated search revealed Wright et al. (US 6,047,165).

Wright teaches a wireless, frequency-agile spread spectrum ground link-based aircraft

Application/Control Number: 09/126,156                                    Page 3
Art Unit: 3661

data communication system. In the system taught by Wright, aircraft data is wirelessly

downloaded via an airport specific RF communications system, upon landing of the

aircraft.

8.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Eric M Gibson whose telephone number is (703) 306-

4545. The examiner can normally be reached on M-F.

9.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, William Cuchlinski can be reached on (703) 308-3873. The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

305-7687 for regular communications and (703) 305-7687 for After Final

communications.

10.     Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 308-

1113.

WILLIAM A. CUCHLINSKI, JR.
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

EMG
August 23, 2000

FILE COPY

| | | | | | |
|---|---|---|---|---|---|
| *Notice of References Cited* | Application/Control No. 09/126,156 | | Reexamination GRABOWSKY ET AL. | | |
| | Examiner Eric M Gibson | | Art Unit 3661 | Page 1 of 1 | |

**PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | APS | OTHER |
| ☐ | A | 6,047,185 | Apr. 2000 | Wright et al. | 455 | 66 | ☐ | ☐ |
| ☐ | B | | | | | | ☐ | ☐ |
| ☐ | C | | | | | | ☐ | ☐ |
| ☐ | D | | | | | | ☐ | ☐ |
| ☐ | E | | | | | | ☐ | ☐ |
| ☐ | F | | | | | | ☐ | ☐ |
| ☐ | G | | | | | | ☐ | ☐ |
| ☐ | H | | | | | | ☐ | ☐ |
| ☐ | I | | | | | | ☐ | ☐ |
| ☐ | J | | | | | | ☐ | ☐ |
| ☐ | K | | | | | | ☐ | ☐ |
| ☐ | L | | | | | | ☐ | ☐ |
| ☐ | M | | | | | | ☐ | ☐ |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS | DOCUMENT SOURCE ** | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | APS | OTHER |
| ☐ | N | | | | | | | ☐ | ☐ |
| ☐ | O | | | | | | | ☐ | ☐ |
| ☐ | P | | | | | | | ☐ | ☐ |
| ☐ | Q | | | | | | | ☐ | ☐ |
| ☐ | R | | | | | | | ☐ | ☐ |
| ☐ | S | | | | | | | ☐ | ☐ |
| ☐ | T | | | | | | | ☐ | ☐ |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title Date, Source, and Pertinent Pages) | DOCUMENT SOURCE ** | |
|---|---|---|---|---|
| | | | APS | OTHER |
| ☐ | U | | ☐ | ☐ |
| ☐ | V | | ☐ | ☐ |
| ☐ | W | | ☐ | ☐ |
| ☐ | X | | ☐ | ☐ |

*A copy of this reference is not being furnished with this Office action. (See Manual of Patent Examining Procedure, Section 707.05(a).)
**APS encompasses any electronic search i.e. text, image, and Commercial Databases.
U.S. Patent and Trademark Office
PTO-892 (Rev. 03-98)                    Notice of References Cited                    Part of Paper No. 12



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM82/0829

JONATHAN C. PARKS, ESQ.
KIRKPATRICK & LOCKHART LLP
HENRY W. OLIVER BLDG.
535 SMITHFIELD STREET
PITTSBURGH PA 15222-2312

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/126,156 | 07/30/98 | 033 | GIBSON, E | 3661 | 08/29/00 |

First Named Applicant GRABOWSKY,   35 USC 154(b) term ext. =   0 Days.

TITLE OF INVENTION AIRCRAFT FLIGHT DATA ACQUISTION AND TRANSMISSION SYSTEM

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 2   TET-1689 | 701-014.000 | R44 | UTILITY | NO | $1210.00 | 11/29/00 |

*THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.*
*PROSECUTION ON THE MERITS IS CLOSED.*

*THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS*
*APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.*

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
  If the SMALL ENTITY is shown as YES, verify your
  current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the
    FEE DUE shown above and notify the Patent and
    Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown
    above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with,
    payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
  ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B-Issue Fee Transmittal
  should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
  B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
  Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of*
*maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance*
*fees when due.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

11·30·00

JC B#14
MR
PATENT

OIPE
NOV 2 9 2000
PATENT & TRADEMARK OFFICE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.

Serial No: 09/126,156                          Group No.: 3600

Filed:   July 30, 1998                         Examiner: E. Gibson
                                               Batch No. R44

For:   AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

**Commissioner for Patents**
**Washington, DC 20231**

**Attention: Official Draftsperson**

### EXPRESS MAIL CERTIFICATE

"Express Mail" label number  EF133022911US

Date of Deposit  November 29, 2000

I hereby certify that the following attached paper or fee
**TRANSMITTAL OF FORMAL DRAWINGS**
**10 SHEETS OF FORMAL DRAWINGS**
**COPY OF THE NOTICE OF ALLOWABILITY**

Is being deposited with the United States Postal Service "Express Mail Post Office to Addressee"
service under 37 CFR 1.10 on the date indicated above and is addressed to:  Commissioner for Patents,
Washington, DC 20231, Attention: Official Draftsperon.

Beth H. Retay
(Type or printed name of person mailing paper or fee)

(Signature of person mailing paper or fee)

NOTE:      Each paper must have its own certificate and the "Express Mail" label number as a part thereof or
           attached thereto.  When, as here, the certification is presented on a separate sheet, that sheet
           must (1) be signed and (2) fully identify and be securely attached to the paper or fee it
           accompanies.  Identification should include the serial number and filing date of the application as
           well as the type of paper being filed, e.g. complete application, specification and drawings,
           responses to rejection or refusal, notice of appeal, etc.  If the serial number of the application is not
           known, the identification should include at least the name of the inventor(s) and the title of the
           invention.

NOTE:      The label number need not be placed in each page.  It should, however, be placed on the
           first page of each separate document, such as, a new application, amendment,
           assignment, and transmittal letter for a fee, along with the certificate of mailing by
           "Express Mail."  Although the label number may be on checks, such a practice is not
           required.  In order not to deface formal drawings it is suggested that the label number be
           placed on the back of each formal drawing or the drawings be accompanied by a set of
           informal drawings on which the label number is placed.

                                                               **(Express Mail Certificate [8-3])**

08.00

Attorney's Docket No. TET-1689                                    **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Grabowsky et al.

Serial No: 09/128,156                           Group No.: 3600

Filed:    July 30, 1998                         Examiner: E. Gibson
                                                Batch No. R44

For:    AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

**Commissioner for Patents**
**Washington, DC 20231**

**Attention: Official Draftsperson**

### TRANSMITTAL OF FORMAL DRAWINGS

In response to the NOTICE OF ALLOWABILITY mailed on  August 29, 2000
                                                          (date)

attached please find:

(a)     the formal drawing(s) for this application.

                        Number of Sheets ___10_____

NOTE:   *"Identifying indicia, if provided, should include the application number or the title of the invention,
        inventor's name, docket number (if any), and the name and telephone number of a person to call if the
        Office is unable to match the drawings to the proper application. This information should be placed on the
        back of each sheet of a drawing a minimum distance of 1.5 cm. (5/8 inch) down from the top of the page."
        37 C.F.R. 1.84(c)).*

☒       Each sheet of drawing indicates the identifying indicia suggested in § 1.84(c) on the reverse side
        of the drawing.

(b)     a copy of the NOTICE OF ALLOWABILITY.

                                            _Robert A. Muha_____
                                            SIGNATURE OF ATTORNEY
Reg. No.:   44,249                          Robert A. Muha_____
                                            *(type or print name of person certifying)*

Tel. No.: (412) 355-8244                    Kirkpatrick & Lockhart, LLP
                                            Henry W. Oliver Building
                                            535 Smithfield Street
                                            Pittsburgh, PA  15222-2312

### CERTIFICATE OF MAILING (37 C.F.R. 1.8(a))

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited
with the United States Postal Service on the date shown below the sufficient postage as first class mail in an envelope
addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

                                            _____
                                            (type or print name of person mailing paper)

Date _____               _____
                                            (Signature of person mailing paper)
                (Transmittal of Formal Drawings In Response to Notice of Informal Drawings [9-16.1])

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 09/126,156 | GRABOWSKY ET AL. |
| | Examiner | Art Unit |
| | Eric M Gibson | 3661 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

1. ☒ This communication is responsive to *7/10/2000*.

2. ☒ The allowed claim(s) is/are *1-24,26-28 and 30-35*.

3. ☐ The drawings filed on _____ are acceptable.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a) ☐ All   b) ☐ Some*   c) ☐ None   of the CERTIFIED copies of the priority documents have been

       1. ☐ received.

       2. ☐ received in Application No. (Series Code / Serial Number). _____.

       3. ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. & 119(e).

A SHORTENED STATUTORY PERIOD FOR REPLY to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office Action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be available under the provisions of 37 CFR 1.136(a).

6. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☒ Applicant MUST submit NEW FORMAL DRAWINGS

    (a) ☐ because the originally filed drawings were declared by applicant to be informal.

    (b) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review( PTO-948) attached

       1) ☐ hereto or  2) ☒ to Paper No. *3*.

    (c) ☒ including changes required by the proposed drawing correction filed *12/30/1999*, which has been approved by the examiner.

    (d) ☐ including changes required by the attached Examiner's Amendment / Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE / SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

1☒ Notice of References Cited (PTO-892)          2☐ Notice of Informal Patent Application (PTO-152)

3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)  4☐ Interview Summary (PTO-413), Paper No. _____.

5☐ Information Disclosure Statements (PTO-1449), Paper No. _____.  6☐ Examiner's Amendment/Comment

7☐ Examiner's Comment Regarding Requirement for Deposit    8☒ Examiner's Statement of Reasons for Allowance
    of Biological Material                    9☐ Other

                               WILLIAM A. CUCHLINSKI, JR.
                               SUPERVISORY PATENT EXAMINER
                               TECHNOLOGY CENTER 3600

U.S. Patent and Trademark Office
PTO-37 (Rev. 3-98)                    Notice of Allowability                Part of Paper No. 12 .

6181990



FIG. I



*FIG. 2*



**FIG. 3**

FIG. 4



Exhibit D - Part 2
Page 392
TDY0002324



FIG. 5

# FIG. 6



102

Set Thread Active — 116

Make PPP Connection — 118

Data Left ? — 120    No

Yes

Send Data Packet — 122

Close PPP Connection — 124

Set Thread Inactive — 126

Exit Thread — 128

# FIG. 7





# FIG. 8

136

Allocate Buffer space ———146

Send Init Session Ack ———148

Return to main loop ———150



# FIG. 9

140

Copy to Buffer ———152

Send Data Msg Ack ———154

Return to Main Loop ———156



# F I G. 10





*FIG. 11*

JC

**PATENT**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re application of: Grabowsky et al.

Serial No: 09/126,158      Group No.: 3800

Filed:   July 30, 1998      Examiner: E. Gibson
                                 Batch No. R44

For:     AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

**BOX: ISSUE FEE**
**Commissioner for Patents**
**Washington, DC 20231**

**EXPRESS MAIL CERTIFICATE**

"Express Mail" label number   EF133022942US

Date of Deposit   November 29, 2000

     I hereby certify that the following attached paper or fee
     **TRANSMITTAL OF PAYMENT OF ISSUE FEE**
     **PTO FORM-85B**
     **CHECK PAYABLE TO PTO**

       is being deposited with the United States Postal Service "Express Mail Post Office to Addressee"
service under 37 CFR 1.10 on the date indicated above and is addressed to, Box: Issue Fee,
Commissioner for Patents, Washington, DC 20231

                 Beth H. Retort
                 (Typed or printed name of person mailing paper or fee)

                 (Signature of person mailing paper or fee)

NOTE:      Each paper must have its own certificate and the "Express Mail" label number as a part thereof or
                 attached thereto. When, as here, the certification is presented on a separate sheet, that sheet
                 must (1) be signed and (2) fully identify and be securely attached to the paper or fee it
                 accompanies. Identification should include the serial number and filing date of the application as
                 well as the type of paper being filed, e.g. complete application, specification and drawings,
                 responses to rejection or refusal, notice of appeal, etc. If the serial number of the application is not
                 known, the identification should include at least the name of the inventor(s) and the title of the
                 invention.

NOTE:      The label number need not be placed in each page. It should, however, be placed on the
                 first page of each separate document, such as, a new application, amendment,
                 assignment, and transmittal letter for a fee, along with the certificate of mailing by
                 "Express Mail." Although the label number may be on checks, such a practice is not
                 required. In order not to deface formal drawings it is suggested that the label number be
                 placed on the back of each formal drawing or the drawings be accompanied by a set of
                 informal drawings on which the label number is placed.

                                               **(Express Mail Certificate [8-3])**

8|00

Attorney's Docket No. TET-1689                    **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:  Grabowsky

Serial No: 09/126,156                     Group No.: 3600

Filed:    July 30, 1998                   Examiner: E. Gibson
                                          Batch No. R44

For:   AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

**Commissioner for Patents**
**Washington, D.C. 20231**
       **ATTENTION:  Box Issue Fee**

### TRANSMITTAL OF PAYMENT OF ISSUE FEE (37 C.F.R. 1.311)

1.     Applicant hereby pays the issue fee for the attached Issue Fee Transmittal PTOL-85.

2.     Fee (37 C.F.R. 1.18(a) and (b)):
       Application status is:               Regular        Design
       ☐ small business entity-fee         ☐ $620.00     ☐ $220.00
          ☐ verified statement attached
          ☐ verified statement filed on
       ☒ other than a small entity-fee     ☒ $1,240.00   ☐ $440.00

3.     Payment of fee:
       ☒  Enclosed please find check for $  1,270.00
          ☒ Charge Account  11-1110              for any fee deficiency.
       ☐  Charge Account _____ the sum of $ _____
          A duplicate of this request is attached.

                                          _Robert A Muha_
                                          SIGNATURE OF ATTORNEY

                                          Robert A. Muha
                                          *(type or print name of person certifying)*

Reg. No.: 44,249

Tel. No.: (412) 355-8244                  Kirkpatrick & Lockhart, LLP
                                          Henry W. Oliver Building
                                          535 Smithfield Street
                                          Pittsburgh, PA  15222-2312

---

### CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. 1.8a)

*I hereby certify that this correspondence is, on the date shown below, being:*
              **MAILING**                          **FACSIMILE**
☐ deposited with the United States Postal Service with sufficient    ☐ transmitted by facsimile to the patent and
postage as first class mail, in an envelope addressed to the         Trademark Office.
Assistant Commissioner for Patents, Washington, D.C. 20231.

                                          Signature
Date: _____
                                          *(type or print name of person certifying)*

(Transmittal of Payment of Issue Fee (37 C.F.R. 1.311) [9-10]-page 1 of 1)

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fees, to: **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

10-30-00

**RECEIVED**

SEP 0 6 2000

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 3 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the maintenance fee, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**CURRENT CORRESPONDENCE ADDRESS** (Note: Legibly mark-up with any corrections or use Block 1)

JONATHAN C. PARKS, ESQ.
KIRKPATRICK & LOCKHART LLP
HENRY W. OLIVER BLDG.
535 SMITHFIELD STREET
PITTSBURGH PA 15222-2312

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

SEP 0 5 2000

TERRI WATSON                    (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/126,156 | 07/30/98 | 033 | GIBSON, E | 3661 | 08/29/00 |

First Named Applicant  GRABOWSKY,          35 USC 154(b) term ext. =   0 Days.

TITLE OF INVENTION  AIRCRAFT FLIGHT DATA ACQUISITION AND TRANSMISSION SYSTEM

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 2   TET-1689 | 701-014.000 | R44 | UTILITY | NO | $1210.00 1,240.00 | 11/29/00 |

**1.** Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

**2.** For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Kirkpatrick & Lockhart LLP

2 _____

3 _____

**3.** ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE
Teledyne Technologies, Inc.
(B) RESIDENCE: (CITY & STATE OR COUNTRY)
Los Angeles, CA 90067
Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ Individual  ☒ Corporation or other private group entity  ☐ government

**4a.** The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies ___20___

**4b.** The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER  11-1110
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☒ Advance Order - # of Copies ___20___

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)                    (Date)
Robert A Mura                            11-29-00

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

12/01/2000 AZERGNAZ 00000009 09129156
01 FC:142                          1240.00 OP
02 FC:561                            30.00 OP

**Burden Hour Statement:** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033          Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/126,156 | 07/30/1998 | JOHN FRANCIS GRABOWSKY | TET-1689 | 8601 |

7590          08/09/2002

JONATHAN C. PARKS, ESQ.
KIRKPATRICK & LOCKHART LLP
HENRY W. OLIVER BLDG.
535 SMITHFIELD STREET
PITTSBURGH, PA  15222-2312

| EXAMINER |
|---|
| GIBSON, ERIC M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3661 | |

15

DATE MAILED: 08/09/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

Exhibit D - Part 2
Page 402
TDY0002334

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER |
|---|---|
| | 15 |

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**



UNITED STATES DEPARTMENT OF
COMMERCE                                         demarks
Patent and Trademark Office
ASSISTANT COMMISSIONER FOR PATENTS

You are hereby notified under 37 CFR 1.607(d) that an applicant is seeking to provoke an interference with your U.S. Patent No. 6,181,990.

The identity of the applicant will not be disclosed unless an interference is declared.

If a final decision is made not to declare an interference, a notice to that effect will be placed in the patent file and will be sent to the patentee.

If an interference is declared, notice thereof will be made under 37 CFR 1.611.

DONNIE L. CROSLAND
Primary Examiner
Art Unit 2632
(703) 305-4388

DONNIE L. CROSLAND
Primary Examiner
Art Unit: 2632

PATENT APPLICATION SERIAL NO. _09/126,156_

**U.S. DEPARTMENT OF COMMERCE**
**PATENT AND TRADEMARK OFFICE**
**FEE RECORD SHEET**

08/04/1998 DNASH1   00000054 010840   09126156

01 FC:101        790.00 CH
02 FC:103        286.00 CH
03 FC:102        328.00 CH

PTO-1556
(5/87)

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1997

**Application or Docket Number:** 12656

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY TYPE | RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | | 395.00 | | | 790.00 |
| TOTAL CLAIMS | 33 | minus 20 = 13 | | x$11= | | OR | x$22= | 286 |
| INDEPENDENT CLAIMS | 7 | minus 3 = 4 | | x41= | | OR | x82= | 328 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | +135= | | OR | +270= | |
| | | | | TOTAL | | OR | TOTAL | 1104 |

\* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 33 | Minus | 33 | = | x$11= | | OR | x$22= | ----- |
| Independent | 9 | Minus | 7 | = 2 | x41= | | OR | x82= | 156 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | 156 |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 33 | Minus | 33 | = | x$11= | | OR | x$22= | |
| Independent | 9 | Minus | 9 | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | | Minus | | = | x$11= | | OR | x$22= | |
| Independent | | Minus | | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 8/97)     \*U.S. Government Printing Office: 1997 - 430-871/89194     Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | J.W. | 6511Y | 8/4/98 |
| O.I.P.E. CLASSIFIER | | 25 | |
| FORMALITY REVIEW | | 67369 | 9/13 |

### INDEX OF CLAIMS

| | | | |
|---|---|---|---|
| ✓ ............................... Rejected | | N ............................... Non-elected |
| = ............................... Allowed | | I ............................... Interference |
| — (Through numeral) Canceled | | A ............................... Appeal |
| ÷ ............................... Restricted | | O ............................... Objected |



If more than 150 claims or 10 actions
staple additional sheet here

| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 701 | 24, 35 | 9/22/99 | EMS |
| 455 | 431, 422 456 | 9/22/99 | EMS |
| | updated above 1/28/00 | | EMS |
| | updated above 8/23/00 | | EMS |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | Date | Exmr. |
| West Search "airplane or aircraft" "data", "communications", "cellular","processor", "data transmission" "packet queue", "data thread" | 9/22/99 | EMS |
| updated above | 1/28/00 | EMS |
| updated above | 8/23/00 | EMS |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 701 | 14 35 | 8/23/0 | JN |
| 455 | 431 | | |

(RIGHT OUTSIDE)